# United States District Court

for

District of South Carolina



## Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

**Name of Offender:** Jeffrey Lee Harris        **Case Number:** 8:18CR00586

**Name of Sentencing Judicial Officer:** The Honorable Donald C. Coggins, Jr., U.S. District Judge

**Date of Original Sentence:** February 4, 2019

**Original Offense:** Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)

**Original Sentence:** The defendant was committed to the custody of the Bureau of Prisons for a term of 60 months followed by a 10-year term of supervised release. The defendant was ordered to pay a special assessment fee of $100.00. The following special conditions were ordered:

1. You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

2. You must not access the Internet except for reasons approved in advance by the probation officer.

3. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

4. You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search.

5. You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

6. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program. You must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services."

7. You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256). You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), that would compromise your sex offense-specific treatment.

8. You must participate in a sex offense-specific assessment. You must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

9. You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

10. You must register as a convicted sex offender with the sheriff's department in each county where you reside, own real property, are employed, or attend any public or private school.

**Amended Sentence:** On February 12, 2019, pursuant to 18 U.S.C. § 3553(a)(1), the defendant's custody sentence was reduced from 60 months to 15 months, with all aspects of the original sentence to remain intact.

**Type of Supervision:** Supervised Release        **Date Supervision Commenced:** April 17, 2020

**Previous Court Action/Notification(s):** None.

## PETITIONING THE COURT

[ ] To extend the term of supervision for _____ years, for a total term of _____ years.

[X] To modify the conditions of supervision as follows:

1. **You must reside in the residential re-entry center for up to 180 days as coordinated by the U.S. Probation Office and you must follow the rules and regulations of the center.**

## CAUSE

On January 21, 2020, Jeffery Harris was transitioned from the Bureau of Prisons (BOP) to the Alston Wilkes Residential Re-Entry Center (RRC) and is scheduled to be released from the RRC on April 17, 2020. Mr. Harris, with the assistance of the U.S. Probation Office, has contacted several family members to assist in finding him a place to reside upon his release, to no avail. Therefore, he will not have a stable residence upon his release from the RRC.

Mr. Harris has not been able to secure employment during his tenure at the RRC. The probation officer has referred Mr. Harris to Vocational Rehabilitation, SC Works, and Goodwill Job Connections for assistance with vocational training and/or employment. However, since the COVID-19 pandemic, the BOP has implemented new procedures which prohibit persons under supervision from seeking out new employment in an attempt to protect the residents and staff at the RRC. Therefore, Mr. Harris will not be able to obtain employment until the pandemic passes.

In summary, Mr. Harris does not have a stable residence plan, nor does he have the financial means to establish a personal residence on his own. Therefore, the probation officer recommends the Court place Mr. Harris in the AWS RRC under public law for a period of up to 6 months. This will provide Mr. Harris a temporary residence until he can gain stable and verifiable employment to support himself.

Attached for Your Honor's review and consideration is a Probation Form 49, *Waiver of Hearing to Modify Conditions of Probation/Supervised Release*. Should Your Honor not concur with this course of action, we stand ready to serve at the direction of the Court.

Respectfully Submitted,

By: Jennifer L. Douglass
U.S. Probation Officer
Columbia Office

Date: April 8, 2020

Reviewed and Approved By:

Eugene E. Rodillo, Jr.
Supervisory U.S. Probation Officer

**THE COURT ORDERS:**

☐ No action.

☐ The extension of supervision as noted above.

☑ The modification of conditions as noted above.

☐ Other

_____
Donald C. Coggins, Jr.
United States District Judge

April 10, 2020
_____
Date